1
2
3
4
5
6
7

8                         UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10   JERRY NOBLES,                              Civil No.   10-cv-1997-BEN (POR)

11                             Plaintiff,       **SCHEDULING ORDER REGULATING
                                                DISCOVERY AND OTHER PRETRIAL**
12                  v.                          **PROCEEDINGS**

13   UNITED STATES OF AMERICA,

                                  Defendant.
14

15        On May 18, 2011, the Court held a Case Management Conference.  Appearing before the

16   Court were: Keith Rutman, Esq., counsel for Plaintiff; and Carolina Clark, Esq., and Sam Bettwy,

17   Esq., counsel for Defendant.  After consulting with the attorneys of record for the parties and being

18   advised of the status of the case, and good cause appearing, IT IS HEREBY ORDERED:

19        1.       Counsel shall further meet and confer with regard to electronically stored information

20   (ESI).  Counsel shall lodge an ESI Protocol by email to efile_porter@casd.uscourts.gov on or before

21   **June 15, 2011**.

22        2.       Counsel for both parties orally stipulated that they do not intend to amend the

23   pleadings.  Therefore, the Court will not set a deadline for amending the pleadings.

24        3.       On or before **July 1, 2011**, all parties shall exchange with all other parties a list of all

25   expert witnesses expected to be called at trial.  The list shall include the name, address, and phone

26   number of the expert and a brief statement identifying the subject areas as to which the expert is

27   expected to testify.  The list shall also include the normal rates the expert charges for deposition and

28   trial testimony.  On or before **July 15, 2011**, any party may supplement its expert designation in

1 response to any other party's designation, so long as that party has not previously retained an expert

2 to testify on that subject.

3        4.      A Mandatory Settlement Conference shall be conducted on **August 23, 2011**, at

4 **10:00 a.m.**, in the chambers of the Honorable Louisa S Porter.  Counsel shall lodge <u>confidential</u>

5 settlement statements <u>directly</u> with the chambers of Judge Porter on or before **August 16, 2011**.  The

6 settlement statements should include a neutral factual statement of the case, identify controlling

7 legal issues, and concisely set out issues of liability and damages, including any settlement demands

8 and offers to date and addressing special and general damages where applicable.  The settlement

9 statements **shall not** be filed with the Clerk of the Court.  The settlement statements may be lodged

10 with chambers via e-mail to: efile_Porter@casd.uscourts.gov.

11        All parties and claims adjusters for insured defendants and representatives <u>with complete</u>

12 <u>authority</u>[1] to enter into a binding settlement, as well as the principal attorney responsible for the

13 litigation, shall be present and legally and factually prepared to discuss and resolve the case at the

14 settlement conference. Corporate counsel and/or retained outside corporate counsel **<u>shall not</u>** appear

15 on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.

16 The parties must be legally and factually prepared to discuss and resolve the case at the mandatory

17 settlement conference.  All conference discussions will be informal, off the record, privileged and

18 confidential.

19        Mandatory settlement conferences shall not be rescheduled without a showing of good cause

20 and adequate notice to the Court.  If counsel wish to reschedule this conference, they shall contact

21 the Court at least 10 days prior to the conference.  Absent exceptional circumstances, the Court will

22 not reschedule this conference with less than 10 days notice.  <u>Only in extreme circumstances will the</u>

23 <u>Court reschedule a mandatory settlement conference with less than 24 hours notice.</u>

24

25 [1]

26   "Complete authority" to settle means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>G. Heileman</u>

27 <u>Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Intl., Inc.</u>, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the

28 conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).

           10cv1997-BEN (POR)

1    5.    Each expert witness designated by a party shall prepare a written report to be

2 provided to all other parties no later than **September 9, 2011**, containing the information required by

3 Federal Rule of Civil Procedure 26(a)(2)(A) and (B).

4    6.    Any party, through any expert designated, shall in accordance with Federal Rules of

5 Civil Procedure 26(a)(2)(C) and 26(e), supplement any of its expert reports regarding evidence

6 intended solely to contradict or rebut evidence on the same subject matter identified in an expert

7 report submitted by another party.  Any such supplemental reports are due on or before **September**

8 **23, 2011**.

9    7.    All discovery, including expert discovery, shall be completed on or before **October**

10 **31, 2011**.  *"Completed"* means that all discovery under Federal Rules of Civil Procedure 30-36 must

11 be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by

12 the cut-off date, taking into account the times for service, notice, and response as set forth in the

13 Federal Rules of Civil Procedure.  All disputes concerning discovery shall be brought to the

14 attention of this Court no later than thirty days following the date upon which the event giving rise

15 to the discovery dispute occurred.  Counsel shall meet and confer pursuant to the requirements of

16 Federal Rule of Civil Procedure 26 and Local Rule 26.1(a) before contacting the Court regarding

17 discovery disputes.

18    8.    All motions, other than motions to amend or join parties, or motions in limine, shall

19 be **FILED** on or before **November 30, 2011**.

20    Motions will not be heard or calendared unless counsel for the moving party has obtained a

21 motion hearing date from the law clerk of the judge who will hear the motion.  Be advised that the

22 parties must file their moving papers within three days of receiving the motion hearing date from the

23 Court.  Be further advised that the period of time between the date you request a motion date and the

24 hearing date may be **up to two months**.  Please plan accordingly.

25    Briefs or memoranda in support of or in opposition to any pending motion shall not exceed

26 25 pages in length without permission of the judge or magistrate judge who will hear the motion.

27 No reply memorandum shall exceed 10 pages without leave of the judge or magistrate judge who

28 will hear the motion.

Pursuant to Civil Local Rule 7.1(f)(3)(c), if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the court. Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1(e)(2) or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1(f)(3)(c).

Pursuant to <u>Local Rule</u> 7.1(f)(1), when filing a Motion for Summary Judgment and/or Adjudication, Defendants **shall** file, and serve on Plaintiff, a separate statement setting forth plainly and concisely all material facts which they contend are undisputed. Each of the material facts stated shall be followed by a reference to the supporting evidence. Further, Plaintiff **shall** file, and serve on Defendants, a separate statement that responds to each of the material facts contended by Defendants to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other material facts that the opposing party contends are disputed. Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence.

9.    On or before **February 27, 2012**, counsel shall lodge directly with the Chambers of the Honorable Roger T. Benitez their Memoranda of Contentions of Fact and Law in compliance with Local Rule 16.1(f)(2), (3) and (4).

10.    All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **February 27, 2012**. *Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.*

11.    Counsel shall meet together and take the action required by Local Rule 16.1(f)(5) on or before **March 5, 2012**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1 (f)(3)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

1    12.     The proposed final pretrial conference order, including objections any party has to

2    any other parties' Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the

3    Clerk of the Court on or before **March 19, 2012**, and shall be in the form prescribed in and in

4    compliance with Local Rule 16.1 (f)(6).  Counsel shall also bring a copy of the pretrial order to the

5    pretrial conference for the Court.

6    13.     The final pretrial conference shall be held before the **Honorable Roger T. Benitez**,

7    United States District Court Judge, **March 26, 2012**, at **10:30 a.m**.

8    14.     The trial date will be scheduled by the Court at the pretrial conference.

9    15.     The dates and times set forth herein will not be further modified except for good

10    cause shown.

11    16.     Counsel for Plaintiff shall serve a copy of this order on any parties that enter this case

12    hereafter.

13    **IT IS SO ORDERED.**

14    DATED:  May 20, 2011

15

16    LOUISA S PORTER
     United States Magistrate Judge

17

18    cc:          The Honorable Roger T. Benitez
                 All parties

19

20

21

22

23

24

25

26

27

28