KEITH H. RUTMAN
ATTORNEY AT LAW
110 West A Street, Suite 725
San Diego, California 92101-3705
619-237-9072
760-454-4372 (fax)
E-mail: krutman@krutmanlaw.com
Attorney for Plaintiff

FILED
2012 MAR 27  AM 10: 09
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY NOBLES,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 10cv1997-BEN (POR)<br><br>~~PROPOSED~~ PRETRIAL ORDER<br><br>[Civ. L.R. 16.1(f)(6)]<br><br>DATE:   March 26, 2012<br>TIME:   10:30 a.m.<br>CTRM:  3<br>JUDGE: Hon. Roger T. Benitez |

Following pretrial proceedings pursuant to Fed.R.Civ.P.16 and Civil Local Rule 16.1(f)(4), IT IS ORDERED:

I

This is an action under the Federal Tort Claims Act ("FTCA"). The plaintiff is Jerry Nobles and the defendant is the United State of America. The pleadings which raise the issues are the Complaint, the Answer, the Memorandum of Facts and Contentions of Law, and this proposed Order:

II

No dispute exists as to jurisdiction or venue. Jurisdiction and venue are invoked on the grounds that the Defendant is the United States of America and the alleged events at issue took place in this judicial district. See 28 U.S.C. §§ 1346(b), 1391(e), 2671-80.

### III

The following facts are admitted and require no proof:

1. In or about 1974, Plaintiff was in a motor vehicle accident that caused torn ligaments in his left knee that never quite healed properly. As a result, he is generally nagged by low-level pain during the day, rendering him cranky.

2. He is under a doctor's care and takes painkillers on a daily basis to battle chronic ailments, he continues to fight a battle with alcohol and drugs, although he maintains he has been sober for 2 years.

3. In or around August 1980 and May 1993, Plaintiff was convicted in San Diego, California, for using offensive words in a public place, a misdemeanor.

4. On or about May 4, 1985, Plaintiff was convicted in San Diego, California of resisting a public officer, a misdemeanor.

5. Plaintiff has five petty theft convictions, in or around November 1977, August and November 1989, and January and March 1990.

6. Plaintiff has convictions for alcohol-abuse or drug-abuse in May 1985, January 1991, and January 1998.

7. In or around 1989, Plaintiff suffered a fractured skull after being struck with a golf club. Specifically, he sustained an open depressed right frontal skull fracture with cortical contusion with indwelling of bony fragments in the frontal lobe.

8. On or about May 6, 2000, Plaintiff was diagnosed with bipolar affective disorder with psychosis and antisocial personality.

9. In February 2006, Plaintiff was detained while driving through the Otay Mesa port of entry with two undocumented aliens in his vehicle. Prosecution was declined.

10. In or around 2006, Plaintiff's brother Christopher sought and obtained a civil restraining order against Plaintiff.

11. On January 8, 2008, Plaintiff stood in line waiting to apply for admission to the United States at the San Ysidro Port of Entry.

12. Plaintiff reached the primary inspector, CBP Officer Chavira.

13. When Plaintiff presented his driver's license to Officer Chavira, the Officer began entering information into his desktop computer.
14. To Plaintiff, it seemed to take a long time and said something to Officer Chavira.
15. Officer Chavira told Plaintiff to retreat away from the desk.
16. Plaintiff complained (probably loudly) about the delay.
17. Officer Chavira received an alert on the computer monitor.
18. Officer Chavira walked around the counter toward Plaintiff.
19. Officer Chavira informed Plaintiff that he was going to escort him to the secondary inspection area.
20. Officer Chavira physically guided Plaintiff toward the turnstile toward the secondary inspection area.
21. Officer Chavira, who was still on the Mexican side of the turnstile, pulled Plaintiff toward him, over the turnstile.
22. Plaintiff went over the turnstile and toward the ground. As he did, his face struck the edge of the primary inspection counter, resulting in facial lacerations and fractures.
23. Plaintiff claims that a previously existing injury to his left knee was aggravated.
24. CBP Officers Ballard and Valenteros heard and/or saw the commotion at Officer Chavira's lane.
25. The incident was partially captured on videotape, and neither party objects to admissibility of the videotape or a true copy thereof.
26. An on-duty CBP Officer who was a trained first responder provided medical attention. CBP Officials on scene summoned an ambulance, and Plaintiff was transported to Paradise Valley Hospital where he was given medical treatment.
27. On or about October 23, 2008, Plaintiff was diagnosed with schizophrenia.
28. In October 2008, Plaintiff was arrested for driving 55 kilograms of marijuana through the San Ysidro port of entry. On May 22, 2009, Judge Sammartino sentenced him to 12 months and 1 day followed by 3 years of supervised release, commencing in August 2009. (Reference 08-CR-3998-JLS). In March 2011 his supervised release was converted to unsupervised release

and was terminated early in December 2011 without objection from the Government or probation on either occasion.

### IV

As to the facts recited in paragraph III above, the parties reserve objections as to admissibility in evidence of any admitted fact and/or limiting the effect of any issue of fact.

### V

The following facts, though not admitted, are not to be contested at the trial by evidence to the contrary:

None.

### VI

The following issues of fact, and no others, remain to be litigated upon the trial:

1. Whether during his wait, Plaintiff complained loudly that the lines were moving slowly.
2. Whether Plaintiff tried to look at the computer monitor.
3. Whether as Officer Chavira was physically escorting Plaintiff through the turnstile, Officer Chavira caused Plaintiff to turn by pulling on his arm or whether Plaintiff broke free from Officer Chavira's hold and turned around to face Officer Chavira.
4. Whether Plaintiff was uncooperative when Officer Chavira was inspecting him.
5. Whether Plaintiff resisted Officer Chavira's efforts to escort him to secondary inspection.
6. Whether Defendant's employee acted in self-defense.
7. Whether Plaintiff has any residual injuries attributable to the incident.

///
///
///
///
///
///
///
///

VII

The exhibits to be offered at the trial, together with a statement of all admissions by, and all issues between, the parties with respect thereto, are as follows:

| No. | DESCRIPTION | PLAINTIFF'S OBJECTIONS |
|---|---|---|
| A | Video footage of incident (2 discs) | |
| B | Audio recording of interview with Plaintiff at the hospital | |
| C | Administrative Claim submitted by Plaintiff<br>Bates No: 24-56 | |
| D | Agency denial letter dated June 7, 2010<br>Bates No: 57-58 | |
| E | Judgment and Commitment in United States v. Nobles, Case No. 08cr3998 JLS (S.D. Cal.)<br>Bates No: 59-62 | FRE 608, 403 |
| F | TECS records relating to Plaintiff<br>Bates No: 77-94 | 403, relevance (as to some records, not all) |
| G | CBP Policies<br>Bates No: 95-138 | |
| H | Paradise Valley Hospital Records relating to Plaintiff<br>Bates No: 139-204 (films at 203-204) | |
| I | Kaiser and SCPMG Records relating to Plaintiff<br>Bates No: 205-468 (films at 211 & 468) | 403, relevance |
| J | Veterans Affairs Records relating to Plaintiff<br>Bates No: 469-1029 (films at 1029) | 403, relevance |
| K | Bureau of Prisons Records relating to Plaintiff<br>Bates No: 1030-1088 | 403, relevance |
| L | San Diego Medical Services Records relating to Plaintiff<br>Bates No: 1089-1110 | |
| M | Scripps Mercy Hospital Records relating to Plaintiff<br>Bates No: 1111-1303 (films at 1303) | 403, relevance |
| N | Social Security Administration Records relating to Plaintiff<br>Bates No: 1304-1714 | 403, relevance |
| O | Veterans Affairs Pharmacy Records relating to Plaintiff<br>Bates No: 1715-1749 | 403, relevance |
| P | John Hilton – Rule 26(a)(2)(C) Non-retained expert disclosure dated 10/7/11 | 403, relevance, hearsay |
| Q | Jonathan A. Schleimer, M.D.- Curriculum Vitae | 403, relevance, hearsay |

| | | |
|---|---|---|
| R | Jonathan A. Schleimer, M.D.- Rule 26 written report dated 08/18/11 | 403, relevance, hearsay |
| S | Jonathan A. Schleimer, M.D.- Rule 26 supplemental written report dated 02/10/12 | 403, relevance, hearsay |
| T | Mark A. Kalish, M.D.- Curriculum Vitae | 403, relevance |
| U | Mark A. Kalish, M.D.- Rule 26 written report dated 10/03/11 | 403, relevance, hearsay |
| V | Mark A. Kalish, M.D.- Rule 26 supplemental written report dated 10/06/11 | 403, relevance, hearsay |
| W | Mark A. Kalish, M.D.- Rule 26 supplemental written report dated 2/28/12 | 403, relevance, hearsay |

| NO. | DESCRIPTION | OBJECTIONS |
|---|---|---|
| X | Significant incident report by Christine Schneider Bates No: 3-5 | Hearsay if offered by Defendant |
| Y | Officer report by CBPO Chavira Bates No: 6-7 | Hearsay if offered by Defendant |
| Z | Officer report by CBPO Valenteros Bates No: 8 | Hearsay if offered by Defendant |
| AA | Officer report by CBPO Ballard Bates No: 9 | Hearsay if offered by Defendant |
| BB | Memo from SCBPO Chaput to Port Director Bates: No: 10 | Hearsay if offered by Defendant |
| CC | Memo from Supervisory Chief Officer Cannon to Port Director Bates No: 11-12 | Hearsay if offered by Defendant |
| DD | Color photographs of Plaintiff's injuries Bates No : 13-23, 44-45 | Subject to authentication through Plaintiff's testimony |
| EE | Memo from Operations Chief Miramontes to Port Director Bates No: 63-69 | Hearsay if offered by Defendant |
| FF | Watch Commander Log Bates No: 70-72 | Hearsay if offered by Defendant |
| GG | Deposition transcript with attached exhibits of Jerry Nobles dated 7/25/11 | |
| HH | Any and all pleadings identified in Court Docket No. 10cv1997 BEN (POR) | 403, relevance, hearsay |

## VIII

A list of witnesses to be called by Plaintiff and Defendant:

A.   PLAINTIFF'S WITNESSES

| PERCIPIENT WITNESSES | TESTIMONY | OBJECTIONS |
|---|---|---|
| Plaintiff | Witness will testify as to his claim for liability and causation and damages. | |
| CBP Officer Adrian Chavira | Witness will testify as to plaintiff's claim for liability and causation. | |
| CBP Officer Vanjun Valenteros | Witness will testify as to plaintiff's claim for liability and causation. | |
| CBP Officer Francis Deogracias | Witness will testify as to causation and damages. | |
| CBP Chief Christine Schneider | Witness will testify as to plaintiff's claim for liability and causation. | |
| CBP Chief Paul Cannon | Witness will testify as to plaintiff's claim for liability and causation. | |
| Supervisory CBP Officer Richard Chaput | Witness will testify as to plaintiff's claim for liability and causation. | |
| CBP Operations Chief Ausalon Miramontes (retired) | Witness will testify as to plaintiff's claim for liability and causation. | |
| ICE Special Agent Gerardo Ochoa | Witness will testify as to plaintiff's claim for liability and causation and damages. | |
| CBP Officer Manuel Ballard | Witness will testify as to plaintiff's claim for liability and causation and damages. | |

| EXPERT WITNESSES | TESTIMONY | OBJECTIONS |
|---|---|---|
| Lowell S. Gaspar, M.D. | Witness will testify as to personal observations relative to plaintiff's injuries and treatment | Defendant objects to this witness testifying as an expert. Plaintiff did not provide the required disclosures for this witness to testify as either a retained or non-retained expert as required by FRCP 26(a)(2). |
| "Treating physician at the VA Medical Center (expert witness) TBD" | Witness will testify as to personal observations relative to plaintiff's injuries and treatment | Defendant objects to this witness as he/she is not identified and Plaintiff did not provide the required disclosures for any expert witness to testify as either a retained or non-retained expert as required by FRCP 26(a)(2). |

B. DEFENDANT'S WITNESSES

| PERCIPIENT WITNESSES | TESTIMONY | OBJECTIONS |
|---|---|---|
| Plaintiff | Witness will testify as to his claim for liability and causation and damages. | |
| CBP Officer Adrian Chavira | Witness will testify as to plaintiff's claim for liability and causation and damages. | |
| CBP Officer Vanjun Valenteros | Witness will testify as to plaintiff's claim for liability and causation and damages. | |
| CBP Officer Manuel Ballard | Witness will testify as to plaintiff's claim for liability and causation and damages. | |
| CBP Officer Francis Deogracias | Witness will testify as to plaintiff's alleged damages. | |
| Supervisory CBP Officer Richard Chaput | Witness will testify as to plaintiff's claim for liability and causation and damages. | |
| CBP Operations Chief Ausalon Miramontes (retired) | Witness will testify as to plaintiff's claim for liability and causation and damages. | |
| CBP Chief Paul Cannon | Witness will testify as to plaintiff's claim for liability and causation and damages. | |
| CBP Chief Robert Van Ness | Witness will testify as to plaintiff's claim for liability and causation and damages. | |

| | | |
|---|---|---|
| CBP Chief Christine Schneider | Witness will testify as to plaintiff's claim for liability and causation and damages. | |
| ICE Special Agent Gerardo Ochoa | Witness will testify as to plaintiff's claim for liability and causation and damages. | |
| Authenticating Witnesses | Defendant reserves the right to call witnesses necessary to authenticate documents. | Not in issue |

| EXPERT WITNESSES | TESTIMONY | OBJECTIONS |
|---|---|---|
| John Hilton<br>Primary Firearms Instructor /<br>Defensive Tactical Instructor<br>Customs and Border Protection | Non-retained expert witness is expected to testify about CBP defensive tactics, what is being depicted in the video, that the techniques and level of force used were consistent with training doctrine and were reasonable under the circumstances, and that Plaintiff's injuries were consistent with the use of reasonable force under the circumstances. | |
| Jonathan Schleimer, M.D.<br>Neurologist | Expert witness is expected to testify regarding nature and extent of any head injuries that Plaintiff claims resulted from or have been exacerbated by the incident in question. May also testify regarding causation and necessity of any medical treatment provided or contemplated in the future. | |
| Mark K. Kalish, M.D.<br>Psychiatrist | Expert witness is expected to testify regarding Plaintiff's mental state and ability to perceive events and to respond during the incident in question. May also testify regarding causation and necessity of any medical treatment provided or contemplated in the future. | Improper opinion testimony. Plaintiff's mental state is irrelevant. |

IX

The following issues of law, and no others, remain to be litigated upon the trial:

1. Whether Defendant is liable under the FTCA for negligence as defined under California law and any applicable federal law, including defenses.

2. Whether Defendant is liable under the FTCA for assault and battery as defined under California law and any applicable federal law, including defenses.

3. Whether Defendant is liable under the FTCA for false imprisonment as defined under California law and any applicable federal law, including defenses.

4. What damages, if any, are sufficient under California law to compensate Plaintiff for any damages he has proven to have suffered on any claim for which he has sustained his burden of proving liability and proximate cause?

5. If Defendant is liable, whether Plaintiff was comparatively negligent.

6. Whether Defendant's employee acted in justified self-defense.

7. Evidentiary issues, including those raised by trial objections, and by motions in limine.

X

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this Order must supplement the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

XI

This case will be tried by this Court without a jury.

XII

The trial of this case will ~~not~~ be bifurcated.

XIII

Time estimated for trial is two-to- three days, depending upon witness scheduling and availability.

Given their respective schedules, the parties will be ready for trial in *May*, 2012.

Dated: March 26, 2012

HON. ROGER T. BENITEZ
U.S. ~~District~~ Court Judge

1 | APPROVED AS TO FORM AND CONTENT:

2 | s/ Keith H. Rutman
KEITH H. RUTMAN
3 | Attorney for Plaintiff

4 | s/ Samuel W. Bettwy
SAMUEL W. BETTWY
5 | Attorney for Defendant

6 | s/ Caroline J. Clark
CAROLINE J. CLARK
7 | Attorney for Defendant