KEITH H. RUTMAN (CSB #144175)
110 West A St., Suite 725
San Diego, California 92101-3705
Telephone: (619) 237-9072
Facsimile: (760) 454-4372
email: krutman@krutmanlaw.com

Attorney for Plaintiff
JERRY NOBLES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA
(Hon. Roger T. Benitez)

| | |
|---|---|
| JERRY NOBLES, | Case No. 10-CV-1997-BEN (DHB) |
| Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| UNITED STATES OF AMERICA, | TRIAL DATE: 5/8/12 @ 9:00 |
| Defendant. | COURTROOM: 3 |

Mr. NOBLES does not depute that he has a medical and psychiatric history. What he does dispute is that he is unable to remember what happened to him on the date in question because if it. Dr. Mark Kalish, M.D., a psychiatrist hired by the UNITED STATES, concludes otherwise. He examined Plaintiff once pursuant to a demand by Defendants and reviewed virtually every medical record. He concluded that Plaintiff is an "an individual with significant pre-existing psychiatric problems which have impaired his ability to accurately perceive and recollect." According to his report:

1.  Bureau of Prisons records indicate that in October of 2008 the plaintiff was arrested at the San Ysidro port of entry driving a vehicle with 39 packages of marijuana concealed in the vehicle. The marijuana weighed approximately 55 kg.

2.  Treatment records from the Bureau of Prisons indicate that the plaintiff was treated with both mood stabilizers and a variety of antipsychotic medications. His diagnoses included schizophrenia and bipolar disorder. It

was also noted that he suffered from low back pain since 1992.

3. Records from Scripps Mercy Hospital indicate as follows:

   a. In 1989 the plaintiff was hospitalized after suffering a depressed right frontal skull fracture with cortical contusion after having been assaulted with a golf club. The medical records reveal a history of both alcohol and drug abuse.

   b. A 1990 CT scan of the head revealed post traumatic right frontal encephalomalacia.

   c. In 1991 the plaintiff was hospitalized after being jumped and robbed.

   d. In April of 2002 the plaintiff sustained back and neck injuries due to a motor vehicle accident.

4. Records from the Social Security Administration indicate as follows:

   a. Since 1989 the plaintiff has been disabled as a result of a chronic brain syndrome and a personality disorder. A 1989 cervical spine x-ray revealed advanced degenerative changes throughout the cervical spine.

   b. A 1990 record indicates that the plaintiff was receiving his mail at a residential drug treatment program. His diagnoses included organic mental disorder and substance addiction. A 1990 entry indicates that the plaintiff was complaining of diminution in cognitive functioning.

   c. A 2000 evaluation by psychiatrist René Bacas, M.D. reveals a diagnosis of polysubstance abuse, currently in remission, bipolar affective disorder with psychosis and antisocial personality disorder.

   d. A 2003 evaluation indicates that the plaintiff was at best a

|   |   |   |
|---|---|---|
| | | marginal historian and was suffering from considerable cognitive impairment. A 2003 evaluation by psychiatrist Douglas Englehorn, M.D. reveals a diagnosis of probable polysubstance abuse/dependence and possible antisocial personality traits. |
| | 5. | Treatment records from the Veterans Administration reflect treatment for a mixed substance abuse disorder, and schizophrenia. |

### A. Claiming Someone's Memory Is Inaccurate Due to a Medical and Psychiatric History Is an Improper Expert Opinion

FRE 402 provides that "[e]vidence which is not relevant is not admissible." Relevant evidence is defined by FRE 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

FRE 403 provides that evidence which may have some relevance "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Finally under FRE 702, an expert may offer an opinion if said opinion would "help the trier of fact to understand the evidence or to determine a fact in issue."

Courts are leery about fact finders being influenced by expert opinions concerning the accuracy of particular witnesses' observations or memories.

The Ninth Circuit has noted that "it remains to be seen whether experts can enhance jurors' ability to distinguish accurate from inaccurate eyewitnesses, or whether the dangers of such testimony outweigh its probative value; e.g., whether jurors become not more or less skeptical, but more or less accurate in their judgments of eyewitness testimony." U.S. v. Rincon, 28 F.3d 921, 926 (9th Cir. 1994)(excluding testimony of psychologist concerning reliability of eyewitness identification testimony when jury instructions educated factfinder as to relevant considerations.)

1    In <u>Kunz v. DeFelice</u>, 538 F.3d 667 (7th Cir. 2008), an arrestee's § 1983 action alleging
2 police brutality, the Court held it was not an abuse of discretion to exclude expert witness
3 testimony proffered by a police officer as to the arrestee's ability to recall and narrate events
4 on the night in question given that the arrestee had admitted to using a small amount of
5 heroin earlier in the evening.  The expert, whose degree was not actually in pharmacology,
6 knew neither a baseline against which to judge whether the arrestee was impaired, nor his
7 habituation level, and the expert had not referred to any scientific literature in formulating his
8 opinion.
9    In <u>U.S. v. Gallardo</u>, 497 F.3d 727 (7th Cir. 2007), certiorari denied 129 S.Ct. 288,
10 proffered testimony by the defendants' expert concerning the government witnesses' past
11 use of cocaine, marijuana and ecstasy was deemed inadmissible on the issue of whether
12 their memories could be trusted.  It was not legitimately disputed that the use of such drugs
13 could have an adverse effect on the witnesses' ability to remember the events to which they
14 testified.  More important, the jury could comprehend such a conclusion without expert
15 testimony.
16    In <u>U.S. v. Affleck</u>, 776 F.2d 1451 (10th Cir. 1985), the Court held that specialized
17 testimony explaining memory is improper, since the average person is able to understand
18 that people forget; thus, faulty memory is a matter for cross-examination.
19    In <u>U.S. v. Rodriguez-Berrios</u>, 445 F.Supp.2d 190 (D. P.R. 2006), the Court held that
20 the proposed testimony of a purported expert on perception and memory was inadmissible
21 at a trial for carjacking culminating in death.  It concluded that although lay jurors may not
22 have had knowledge of organic and behavioral mechanisms of perception and memory,
23 they could grasp and weigh the effects of lighting, lack of attention, post-event information,
24 and other factors on eyewitness identification of defendant.
25    The proposed objectionable testimony is different than expert testimony upon the
26 workings of the human mind and memory, which is generally admissible.  See <u>U.S. v.</u>
27 <u>Jordan</u>, 924 F.Supp. 443 (W.D.N.Y.1996)(testimony of expert in area of human memory
28 and perception was based on scientific knowledge, so as to be admissible in prosecution for

armed bank robbery);

On a more specific subject, the mere fact of chronic alcoholism is not admissible to prove credibility on a specific occasion. "Evidence of a long history of intoxication is inadmissible for the purpose of impeaching credibility unless it is clearly shown that the intoxication occurred contemporaneously with the events about which the witness is testifying." People v. Stanley, 206 Cal.App.2d 795, 798; Wilson v. Manduca, 233 Cal.App.2d 184, 188; People v. Alfonso, 77 Cal.App. 377, 380; Witkin, Cal. Evidence (1958) § 228; McCormick on Evidence, § 45, p. 98.

Here, Dr. Kalish opined that Plaintiff did not suffer severe psychiatric injury as a result of the incident. However, Plaintiff is not claiming severe psychiatric injury as a result of the incident beyond general pain and suffering.

Dr. Kalish **might** be able to identify Plaintiff's "pre-existing psychiatric problems." For him to characterize them as "significant" is a gratuitous comment which is of no assistance to the Court, sitting as a factfinder. That his psychiatric problems **actually** "have impaired his ability to accurately perceive and recollect" the events in this case is an improper expert opinion under the foregoing authorities. It is no different than an a mental health professional testifying a witness is either wrong or lying.

## CONCLUSION

Based on the foregoing, it is respectfully requested that the Court issue an in limine order precluding any evidence, argument, testimony, or reference to (1) a characterization of Plaintiff's psychiatric problems as "significant" and (2) that Plaintiff's psychiatric problems **actually** "have impaired his ability to accurately perceive and recollect."

Respectfully Submitted,

Dated: April 23, 2012            s/ Keith H. Rutman
                                 KEITH H. RUTMAN
                                 Attorney for Plaintiff
                                 Email: krutman@krutmanlaw.com

## CERTIFICATE OF SERVICE

I certify that on April 23, 2012 I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of California, using the electronic case

| | |
|---|---|
| 1 | filing (ECF) system of the Court, and thereby served it on all counsel of record in this case. |
| 2 | Dated: April 23, 2012         s/ Keith H. Rutman |
| 3 |                               KEITH H. RUTMAN<br>                               Attorney for Plaintiff<br>                               Email:  krutman@krutmanlaw.com |

(Lines 4–28 blank)