LAURA E. DUFFY
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California State Bar No. 94918
CAROLINE J. CLARK
Assistant U.S. Attorney
California State Bar No. 220000
Office of the U.S. Attorney
Edward J. Schwartz Federal Building
880 Front Street, Room 6293
San Diego, California 92101-8893
619-546-7125 / 7183
619-546-7751 (fax)

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY NOBLES,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. 10cv1997-BEN (POR)<br><br>DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW<br><br>[Civ. L.R. 16.1.f.9.b.(2)]<br><br>DATE:    May 8, 2012<br>TIME:    9:00 a.m.<br>CTRM:    3 |

Defendant, the United States of America (hereinafter "Defendant"), by and through its counsel, Laura E. Duffy, U.S. Attorney, and Samuel W. Bettwy and Caroline J. Clark, Assistant U.S. Attorneys, submits the following proposed findings of fact and conclusions of law pursuant to Southern District of California Local Rule 16.1.f.9.b.(2).

Plaintiff brought this action against the United States under the Federal Tort Claims Act ("FTCA") for injuries sustained as he was being inspected for admission at the San Ysidro port of entry on January 8, 2008. Plaintiff's complaint was filed on September 24, 2010. Plaintiff alleges that the port of entry inspector, Customs and Border Protection ("CBP") Officer Chavira, improperly detained him and used unreasonable force against him while escorting him toward the secondary inspection area. Plaintiff's complaint alleges causes of action under state law for assault and battery,

negligence, and false imprisonment. Plaintiff seeks damages for pain and suffering only. Defendant argues that the force used by Officer Chavira was both reasonable and necessary under the circumstances. After having heard and considered the evidence, both oral and documentary, the arguments of counsel, and being fully advised, this Court should make the following findings of fact and conclusions of law based upon the preponderance of the evidence admitted at trial:

I

FINDINGS OF FACT

1. On January 8, 2008, Plaintiff was standing in the pedestrian line at the San Ysidro port of entry, waiting to apply for admission to the United States.

2. At the time, Plaintiff was under the influence of painkillers and was suffering from untreated schizophrenia, bipolar affective disorder with psychosis, and antisocial personality disorder.

3. While waiting in line, Plaintiff complained loudly that the lines were moving slowly.

4. At the primary inspection counter, Plaintiff complained to the inspector, CBP Officer Chavira, about his looking up information about Plaintiff on his computer monitor, and Officer Chavira had to repeatedly tell Plaintiff to move away from the counter.

5. Officer Chavira's computer database query of Nobles produced a law enforcement "hit" which prompted Officer Chavira to refer Plaintiff to secondary inspection, according to routine inspection procedures.

6. Officer Chavira told Plaintiff that he intended to escort Plaintiff to secondary inspection, and Plaintiff back away from Officer Chavira.

7. To escort Plaintiff, Officer Chavira walked behind Plaintiff with his hands on Plaintiff's arm or hand and his shoulder area.

8. Plaintiff physically resisted Officer Chavira's efforts to escort him to secondary inspection.

9. As Officer Chavira was physically escorting Plaintiff through the turnstile, Plaintiff broke free of Officer Chavira's hold and turned around to face Officer Chavira.

10. As Plaintiff faced Officer Chavira, the turnstile arm lay between them.

11. Officer Chavira regained his hold of Plaintiff, and pulled Plaintiff toward him.

12.     Plaintiff lost his balance, and Officer Chavira again lost control of Plaintiff.

13.     Plaintiff fell forward, over the turnstile arm.

14.     As Plaintiff fell forward, he struck his face on edge of the primary inspection counter, sustaining facial injuries.

II

CONCLUSIONS OF LAW

A.     FALSE IMPRISONMENT (first cause of action)

1.     Under the FTCA, the United States is liable for common law torts committed by federal employees within the scope of their federal employment. See 28 U.S.C. §§ 1346(b), 2674.

2.     The FTCA allows liability for false imprisonment when such tort is committed by federal law enforcement officers. 28 U.S.C. § 2680(h).

3.     Liability is determined by the tort law of the state where the claim arose. 28 U.S.C. § 2680(h).

4.     Since the incident at issue occurred in California, this Court must look to the laws of California to determine whether he was falsely imprisoned. See Watts v. County of Sacramento, 256 F.3d 886, 891 (9th Cir.2001) ("Under California law, the tort of false arrest and false imprisonment are not separate torts, as false arrest is 'but one way of committing a false imprisonment.'") (quoting Asgari v. City of Los Angeles, 63 Cal. Rptr.2d 842 (1997)).

5.     Under California law, false imprisonment is "the unlawful violation of the personal liberty of another." Cal. Penal Code § 236. The elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." Easton v. Sutter Coast Hosp., 95 Cal. Rptr.2d 316, 323 (2000); Fermino v. Fedco, Inc., 30 Cal. Rptr.2d 18 (1994).

6.     A false imprisonment action may also be maintained if "the defendant unlawfully detains the [plaintiff] for an unreasonable period of time" after an otherwise legal seizure or arrest. Lincoln v. Grazer, 163 Cal. App.2d 758 (1958).

///

///

7.     The length of time can be as brief as 15 minutes. <u>Alterauge v. Los Angeles Turf Club</u>, 97 Cal. App.2d 735, 736 (1950). Restraint may be effectuated by means of physical force, <u>Moffat v. Buffums' Inc.</u>, 21 Cal. App.2d 371, 374, 69 P.2d 424(1937), threat of force or of arrest, <u>Vandiveer v. Charters</u>, 110 Cal. App. 347, 351, 294 P. 440 (1930), confinement by physical barriers, <u>Schanafelt v. Seaboard Finance Co.</u>, 108 Cal. App.2d 420, 423 (1951), or by means of any other form of unreasonable duress. <u>See</u> Rest.2d Torts, § 40A.

8.     Plaintiff has failed to show, by a preponderance of the evidence, that the CBP inspector unlawfully detained him for an unreasonable period of time during authorized detention for inspection at the port of entry. Referral to the secondary inspection area was routine, and Plaintiff's repeated failure to cooperate with the inspector's instructions was the cause of any additional delay in the inspection process. Plaintiff's entire period of detention, up until the time of his injury, consisted of about one minute. <u>Munyua v. United States</u>, 2005 WL 43960 at *1 (N.D. Cal. 2005) (detention did not constitute an appreciable length of time for the purposes of finding liability for false imprisonment because the detention and subsequent release occurred within the course of a single day).

9.     The CBP Officer was fully authorized to detain Plaintiff for inspection, which included initial inspection in the primary inspection area and then referral to the secondary inspection area. CBP Officers have broad authority to detain an applicant for admission to the United States. <u>See</u> 8 U.S.C. § 1125 (a)(1)(A)(3); 19 U.S.C. § 1582. Border detentions involve a distinct set of considerations and require different administrative procedures. <u>Rhoden v. United States</u>, 55 F.3d 428, 432, n. 7 (9th Cir. 1995). Routine searches and seizures at the border do not require probable cause, a warrant, or reasonable suspicion. <u>United States v. Montoya de Hernandez</u>, 473 U.S. 531, 538 (1985); <u>United States v. Ramos-Saenz</u>, 36 F.3d 59, 61 (9th Cir. 1994) ("the national border rest[s] on different considerations and different rules of constitutional law from domestic regulations"). Federal case law provides a wide latitude for standards of detention at the border as compared to detentions in the interior of the country. <u>Montoya de Hernandez</u>, 473 U.S. at 538.

10.    Apart from the fact that the CBP officer needed no justification to refer Plaintiff to the secondary inspection area, such referral was prompted by a law enforcement "hit" that appeared on the computer monitor during primary inspection.

11.     Plaintiff has failed to demonstrate, by a preponderance of the evidence, his claim of false imprisonment by employees of the United States.  Plaintiff's claim of false imprisonment is dismissed as a matter of law, because Plaintiff was detained only for routine inspection.

12.     Therefore, the United States is not liable to the Plaintiff for false imprisonment.

B.  ASSAULT AND BATTERY (second cause of action)

1.      The United States can be held liable for an assault and battery committed by, or at the direction of, its employees.

2.      The FTCA waives sovereign immunity for assault and battery.  Under the FTCA, the law of the jurisdiction where the tort occurred governs the rights and liabilities of the parties. Richardson v. United States, 369 U.S. 1, 11 (1962); Beech Aircraft Corp. v. United States, 51 F.3d 834, 838 (9th Cir. 1995).

3.      Under California law, Plaintiff bears the burden of proving that employees of the United States used unreasonable force when escorting him to secondary inspection.  Edson v. Anaheim, 63 Cal. App. 4th 1269 (1998).

4.      Given Plaintiff's failure to follow the instructions of the inspecting CBP officer, the CBP officer was authorized to physically escort Plaintiff to the secondary inspection area.

5.      By placing his hands on Plaintiff's arm or hand and his shoulder area to escort Plaintiff, the CBP officer used minimal, reasonable force.

6.      The CBP officer used reasonable force to attempt to regain control of Plaintiff after he broke free and turned around.

7.      Apart from the reasonable force applied by Officer Chavira, the proximate cause of Plaintiff's fall and injuries was the improvident moment at which Plaintiff chose to break free and turn around, given the location of the turnstile and the primary inspection counter, all of which were beyond Officer Chavira's control.

8.      Plaintiff has failed to show, by a preponderance of the evidence, that the amount of force used by the United States' employee was unreasonable in light of the surrounding facts and circumstances.

9. Therefore, the United States is not liable to Plaintiff for assault and/or battery.

C. NEGLIGENCE (third cause of action).

1. The FTCA waives sovereign immunity for "negligent" acts or omissions of any employee that causes personal injury. 28 U.S.C. § 1346(b). Under the FTCA, the law of the jurisdiction where the tort occurred governs the rights and liabilities of the parties. Richardson, 369 U.S. at 11; Beech Aircraft Corp., 51 F.3d at 838.

2. Under California law, to establish negligence, Plaintiff must demonstrate that employees of the United States breached a duty owed to them, and that such breach was the cause of Plaintiff's damages. See Brown v. Ransweiler, 89 Cal. Rptr.3d 801 (Ct. App. 2009).

3. Officer Chavira exercised due care at all times toward Plaintiff.

4. Apart from the due care exercised by Officer Chavira, the proximate cause of Plaintiff's fall and injuries was the improvident moment at which Plaintiff chose to break free and turn around, given the location of the turnstile and the primary inspection counter, all of which were beyond Officer Chavira's control.

5. Therefore, the United States is not liable to Plaintiff for negligence.

II

CONCLUSION

For the reasons set forth above, the Court finds:

1. CBP Officer Chavira had lawful authority to conduct inspection of Plaintiff, including the authority to refer him to the secondary inspection area.

2. The duration of Plaintiff's inspection was not appreciable.

3. CBP Officer Chavira was authorized to use reasonable force to escort Plaintiff to the secondary inspection area.

4. CBP Officer Chavira exercised due care and used reasonable force throughout his interaction with Plaintiff.

///
///

1 |      Accordingly, the Court directs [should direct] entry of judgment in favor of the United States
2 | and against Plaintiff, terminating this case.

3 |     Dated:  May 1, 2012                     Respectfully submitted,

LAURA E. DUFFY
United States Attorney

s/ *Samuel W. Bettwy*
_____
SAMUEL W. BETTWY
Assistant U.S. Attorney

s/ *Caroline J. Clark*
_____
CAROLINE J. CLARK
Assistant U.S. Attorney

Attorneys for Defendant
United States of America