# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY NOBLES,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Defendant. | CASE NO. 10-cv-1997 – BEN (DHB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE/LIMIT EVIDENCE OF OTHER CONVICTIONS / DETENTIONS, [Doc. No. 28];**<br><br>**(2) DENYING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY REGARDING ACCURACY OF PLAINTIFF'S MEMORY, [Doc. No. 29]; and**<br><br>**(3) DENYING DEFENDANT'S REQUEST TO ADMIT EVIDENCE OF HABIT, [Doc. No. 26].** |

  This is an action under the Federal Tort Claims Act. Plaintiff Jerry Nobles seeks compensatory damages for false imprisonment, assault and battery, and negligence arising out of a detention and assault by a California Border Patrol officer at the San Ysidro Port of Entry. In advance of trial, the parties have filed motions in limine with the Court, seeking the Court's permission to admit or exclude certain evidence. Having considered the parties' arguments, and for the reasons set forth below, the Court **GRANTS** Nobles's motion in limine to exclude or limit evidence of his certain prior convictions and detentions as irrelevant and impermissible character evidence, **DENIES** Nobles's motion to exclude testimony of Dr. Kalish, and **DENIES** the Government's request to admit three of Nobles's misdemeanor convictions and related other acts as evidence of habit.

# DISCUSSION

## I. Nobles's motion to exclude prior convictions

Nobles first moves to exclude or limit evidence of his prior convictions and detentions pursuant to Federal Rules of Evidence ("FRE") 402, 403, 404(a), and 609. The Government seeks to admit certain of these convictions as evidence of habit under FRE 406. Because Nobles's prior convictions can be formed into several groups, the Court will discuss each group separately.

### A. Offensive words and resisting a public officer

Nobles seeks to exclude evidence of the following misdemeanor convictions: (1) August 15, 1980 conviction for using offensive words in a public place; (2) May 4, 1985 conviction for resisting a public officer; and (3) May 18, 1993 conviction for using offensive words in a public place. The Government opposes the motion, arguing that these convictions as well as several other acts[1] by Plaintiff should be admitted as evidence of habit pursuant to FRE 406. The Government contends that this evidence demonstrates Nobles's "reflexive uncooperative and belligerent response to anyone who gives him instructions."[2] (United States's Trial Brief, at 5 [Doc. No. 26].)

---

[1] The other acts are as follows: (1) Plaintiff's statement on his May 24, 2003 application for Social Security disability benefits that: "I always get into arguments with co-workers and sometimes they get into physical confrontation;" and statements by a person accompanying Plaintiff: "can't talk to him without him getting loud; he does not listen" and that Plaintiff has trouble following instructions "because he [has] no [patience] and [doesn't] want to follow instructions;" (2) June 1, 2006 restraining order regarding an unnamed person; (3) statement that on June 15, 2007, at the San Ysidro port of entry, Plaintiff "was being very noncompliant and was escorted to the security office for a pat down;" (4) statement that during a September 4, 2007 visit to Veterans Affairs, Plaintiff was rude, demanding, hostile, raising his cane, and "calling everyone enemies;" (5) Plaintiff's attempt to hit staff during a January 8, 2008 Paradise Valley Hospital emergency room visit; (6) verbally abusive behavior during an April 23, 2008 visit to a Kaiser Permanente pharmacy; (7) statement that during an August 8, 2008 visit to a Kaiser Permanente pharmacy, Plaintiff was "very angry and upset" about not getting a prescription refill; (8) statement that during an August 12, 2008 visit to a Kaiser Permanente pharmacy, Plaintiff was verbally abusive to pharmacy personnel regarding refusal to refill prescription; and (9) a September 12, 2010 visit to the Veterans Affairs emergency room, whereby Plaintiff was a "challenging historian" and was not receptive to interviewing.

[2] The Government also attempts to argue that because Nobles stipulated to the fact of these convictions, they are therefore admissible at trial. The stipulation, however, resolved only the question of proving that these convictions actually occurred. (*See* Pretrial Order ¶ III [Doc. No. 22] ("The following facts are admitted and require not proof: . . . .").) In the Pretrial Order, the parties expressly reserved the right to challenge the *admissibility* of any of the stipulated facts. (*See* Pretrial Order ¶ IV ("As to the facts recited in paragraph III above, the parties reserve objections as to admissibility in evidence of any admitted fact and/or limiting the effect of any issue of fact.").)

"Evidence of a person's habit . . . may be admitted to prove that on a particular occasion the person . . . acted in accordance with the habit or routine practice." FED. R. EVID. 406. Habit "describes one's regular response to a repeated specific situation." FED. R. EVID. 406 advisory committee notes (describing conduct that qualifies as habit as "semi-automatic"). "In deciding whether certain conduct constitutes habit, courts consider three factors: (1) the degree to which the conduct is reflexive or semi-automatic as opposed to volitional; (2) the specificity or particularity of the conduct; and (3) the regularity or numerosity of the examples of the conduct." *United States v. Angwin*, 271 F.3d 786, 799 (9th Cir. 2001), *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007) (en banc). The burden of establishing that certain conduct qualifies as evidence of habit falls on the party wishing to introduce the evidence. *Id.* Most importantly, however, because "Rule 406 is an exception to the general exclusion of character evidence under the Federal Rules, . . . courts are somewhat cautious in admitting the evidence." *Id.*

In this case, the Government has not met its burden of showing that the three prior misdemeanor convictions, even if coupled with the evidence of other acts, qualify as evidence of habit. Turning to the first prong of the analysis, there is no indication that Nobles's prior instances of being "uncooperative" and "belligerent" are sufficiently "reflexive or semi-automatic as opposed to volitional." *See id.* at 799. While it is true that Nobles was loud and uncooperative on at least twelve prior occasions, those occasions are spread out over a thirty-year period. Viewed in that context, it is hard to say that they were necessarily "semi-automatic," as opposed to simply being a volitional response to a particular situation. *See, e.g.*, *Thompson v. Boggs*, 33 F.3d 847, 855 (7th Cir. 1994) (concluding, in an excessive force case, that "five unsubstantiated incidents of [police officer's] alleged excessive force, without any evidence of the total number of contacts [that officer] had with citizens or the number of arrests he performed, fail[ed] to satisfy the plaintiff's burden of demonstrating that [the officer's]' 'regular response to a repeated specific situation' was the 'systematic' use of excessive force" (citation omitted)); *Jones v. Southern Pac. R.R.*, 962 F.2d 447, 449-50 (5th Cir. 1992) (concluding, in a suit where a passenger in a pickup truck was struck by train, that evidence of nine prior violations in the course of a 29-year career as a train engineer was not

1  admissible to show the train engineer's habit of driving negligently); *United States v. Pinto*, 755 F.2d
2  150, 152 (10th Cir. 1985) ("Four instances of conduct while intoxicated over a period of eight years
3  during which time defendant, by his own assertion, was frequently drunk is insufficient to establish
4  habit."); *Reyes v. Missouri Pac. R. Co.*, 589 F.2d 791, 795 (5th Cir. 1979) (concluding that "four prior
5  convictions for public intoxication spanning a three and one-half year period [were] of insufficient
6  regularity to rise to the level of 'habit' evidence" and were therefore inadmissible in plaintiff's suit
7  for injuries sustained when he was run over by a train while lying on tracks at night). Rather, it
8  appears the Government's evidence attempts to establish Nobles's *character* for being loud and
9  uncooperative, which is impermissible. *See* FED. R. EVID. 404(b)(1) ("Evidence of a crime, wrong,
10 or other act is not admissible to prove a person's character in order to show that on a particular
11 occasion the person acted in accordance with the character."); *see also United States v. Yazzie*, 188
12 F.3d 1178, 1190 (10th Cir. 1999) ("Habit evidence may offer a backdoor to proving character for,
13 although evidence an individual routinely acted in a particular manner may be offered to show he
14 *acted* in conformity on an occasion, those routine practices may also coalesce to provide specific
15 instances proving character. . . . Thus, this potential of establishing the forbidden ultimate fact, proof
16 of action in conformity with one's *character*, makes its admission highly discretionary and potentially
17 troublesome."); *Hale v. Gil*, No. 04-CV-2500 BEN (POR), 2008 WL 110901, at *3 (S.D. Cal. Jan. 8,
18 2008) ("Plaintiff's alleged hostility toward police officers, when drunk and being placed under arrest,
19 is a general disposition of his character. His uncooperative attitude is a matter of choice, and not a
20 reflexive response.").

21 Moreover, turning to the second prong, the Government has not shown that Nobles's conduct
22 is specific or particular enough. *See Angwin*, 271 F.3d at 799. As the Government acknowledges, the
23 inquiry under FRE 406 is "highly fact-specific." *See id.* at 798. But it makes no effort to show how
24 being arrested for using offensive words in public, resisting a public officer, or becoming loud at the
25 pharmacy employee's refusal to fill a prescription is evidence of the same "habit." Rather, as noted
26 above, these appear to be traits of Nobles's general character for being uncooperative and belligerent
27
28

when given instructions by others, and are therefore inadmissible.[3] *See* FED. R. EVID. 404(b)(1).

Accordingly, the above three misdemeanor convictions and related acts are inadmissible to the extent they amount to "[e]vidence of a crime, wrong, or other act [that the Government is trying to use] to prove [Nobles's] character in order to show that on [this] particular occasion [he] acted in accordance with the character." *See* FED. R. EVID. 404(b)(1). Because the government asserts no other purpose for attempting to introduce these convictions and other acts, they are therefore not relevant and are not admissible. *See* FED. R. EVID. 402 ("Irrelevant evidence is not admissible."). Moreover, because these misdemeanor convictions are also very stale and are not probative of character for truthfulness, they are not admissible under FRE 609. *See* FED. R. EVID. 609(a)(2), (b)(1).

### B. Remaining misdemeanor convictions

In addition to the above three misdemeanor convictions, Nobles seeks to exclude five misdemeanor convictions for petty theft and three misdemeanor convictions for alcohol or drug abuse. The Government does not oppose the exclusion of these convictions. Moreover, these convictions are not relevant to any issues in the case, nor are they admissible to impeach Nobles's character for truthfulness. *See* FED. R. EVID. 401, 402, 609(a)(2), (b)(1).

### C. Transportation of undocumented aliens

Nobles also seeks to exclude the fact that in February 2006 he was detained while driving through the Otay Mesa port of entry with two undocumented aliens in his vehicle. Prosecution was declined. Because this incident does not have "any tendency to make a fact more or less probable," and because it is not otherwise relevant, it is inadmissible. *See* FED. R. EVID. 401, 402.

### D. Drug transportation felony

Finally, Nobles seeks to limit the Government's use of his 2008 felony conviction for

---

[3] *Perrin v. Anderson*, 784 F.2d 1040 (10th Cir. 1986), on which the Government relies, is inapposite. Unlike in this case, the court there specifically found that on *each* occasion when plaintiff was being arrested, he reacted violently. *Id.* at 1046. In light of these prior incidents, and noting that plaintiff offered no evidence of any peaceful encounter between him and the police, the court concluded that "[t]here was adequate testimony to establish that [plaintiff] invariably reacted with extreme violence to any contact with a uniformed police officer." *Id.* In the present case, the incidents recited by the Government concern multiple situations, and only two of them actually concern the situation at issue in this case—being uncooperative towards a public officer.

transporting 55 kilograms of marijuana through the San Ysidro port of entry to impeachment purposes only. The Government agrees that it only seeks to use the conviction for its impeachment value.

### E. Conclusion

Nobles's motion in limine to exclude or limit evidence of his certain prior convictions and detentions is **GRANTED**. The Government is precluded from introducing evidence of Nobles's prior misdemeanor convictions or of Nobles's 2006 transportation of undocumented aliens. Nobles's 2008 felony conviction for drug transportation is admissible for impeachment purposes only.

## II. Nobles's motion to exclude Dr. Kalish's expert testimony

Nobles moves to exclude the testimony of defense expert Dr. Mark Kalish, M.D., that Nobles is an "individual with significant pre-existing psychiatric problems which have impaired his ability to accurately perceive and recollect." In addition, Nobles seeks to preclude any reference to his psychiatric problems as "significant" and any testimony by Dr. Kalish that Nobles's psychiatric problems *actually* "have impaired his ability to accurately perceive and recollect" on the day in question. The Government opposes the motion, arguing that Dr. Kalish's testimony is both relevant and helpful to determining the issues in this case, and is therefore properly admissible.

FRE 702 allows testimony by a qualified expert if such testimony "will help the trier of fact to understand the evidence or to determine a fact in issue," is "based on sufficient facts or data," is "the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." The expert testimony must be both relevant and factually linked to the case to be admissible. *See Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 591 (1993).

In this case, Nobles has failed to show why Dr. Kalish's expert testimony should not be admitted under FRE 702. Nobles does not deny that he has a significant history of psychiatric problems. Neither does he deny that he has used drugs in the past, or that he was consuming substantial quantities of narcotic analgesics at the time of the incident. As such, as the Government argues, Dr. Kalish's testimony as to what effect such drug use and/or psychiatric problems might have had on Nobles's ability to accurately perceive and recollect would be helpful to the Court in understanding the evidence and determining the facts at issue. *See, e.g.*, *United States v. Cameron*,

814 F.2d 403, 405 (7th Cir. 1987) ("Evidence that a witness has used illegal drugs may be probative of the witness' 'possible inability to recollect and relate.'" This evidence may be admitted where the memory or mental capacity of a witness is legitimately at issue." (internal citation omitted)).[4]

The cases that Nobles relies upon are inapposite. In *Kuntz v. DeFelice*, 538 F.3d 667 (7th Cir. 2008), the Court of Appeals concluded that the district court did not abuse its discretion in excluding under *Daubert* expert testimony that was not "based on sufficient facts or data" and was not "the product of reliable principles and methods." *See id.* at 676. Similarly, in *United States v. Gallardo*, 497 F.3d 727 (7th Cir. 2007), the court concluded that the expert testimony was properly excluded where there was no factual link to the case. *See id.* at 733 ("The defendants presented no evidence that the government's witnesses were using drugs during the events to which they testified, or that they were ever addicted to drugs."). Contrary to these cases, Nobles has admitted the factual basis for Dr. Kalish's testimony in this case (i.e., his prior drug use, his psychological problems, and his consumption of narcotic analgesics at the time of the incident) and he does not seriously challenge the methodology used by Dr. Kalish. Moreover, the factual basis is also established due to Dr. Kalish's own examination of Nobles and his review of Nobles's medical records.

Accordingly, because Dr. Kalish's expert testimony as to the possible effect of drugs and psychological problems on Nobles's ability to accurately perceive and recollect is both relevant and helpful, the Court **DENIES** Nobles's motion to exclude it under FRE 702. The Court, however, **RESERVES** judgment on the ultimate admissibility of this testimony under *Daubert*.

### III.  Government's motion to admit habit evidence

The Government requests that the Court admit three of Nobles's prior misdemeanor convictions as well as evidence of his other acts showing Nobles's habit for being uncooperative and belligerent. As discussed above, the Government has failed to show that this evidence qualifies as evidence of habit under FRE 406. Rather, the evidence is impermissible evidence of character. *See* FED. R. EVID. 404(b)(1). Accordingly, the Government's request is **DENIED**.

---

[4] On the other hand, this evidence may not be admissible for impeaching Nobles's credibility. *See Cameron*, 814 F.2d at 405. The Government does not argue that it will use it for this purpose.

**CONCLUSION**

For the foregoing reasons, Nobles's motion in limine to exclude or limit evidence of his certain prior convictions and detentions is **GRANTED**. [Doc. No. 28.] His motion to exclude testimony of Dr. Kalish is **DENIED**. [Doc. No. 29.] The Government's request to admit three of Nobles's misdemeanor convictions and related other acts as evidence of habit is **DENIED**. [Doc. No. 26.]

**IT IS SO ORDERED.**

**DATED: May 7, 2012**

**Hon. Roger T. Benitez**
**United States District Judge**